IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JERAME[1] ARELLANEZ,<br>Institutional ID No.: 2238106 | § § § | |
| Plaintiff, | § § | |
| v. | § | 3:19-CV-187-FM-LS |
| RAUL MORALES and SEBASTIAN CHAVEZ, | § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

*Pro se* inmate Arellanez sues two El Paso police officers for using excessive force when they arrested him in October 2017. He didn't know the officers' names when he first filed the lawsuit in the Northern District of Texas, but I authorized him to conduct limited discovery when the case was transferred to this district. The officers now named in Arellanez's amended complaint move to dismiss this lawsuit.[2] I recommend that Officer Chavez's dismissal motion be granted and Officer Morales' be denied.

**I. Arellanez's Factual Allegations.**

Arellanez alleges that El Paso Police Officer Raul Morales picked up Arellanez while he was handcuffed and slammed his head to the concrete, causing vision loss.[3] Arellanez further

---

[1] Arellanez's amended complaint reflects that his correct first name is Jerame, not Jerome. ECF No. 32, at 1.
[2] ECF Nos. 49 and 50. Arellanez makes clear in his motion response (ECF No. 56) that his lawsuit is based on excessive force, not a warrantless arrest, so the officers' arguments about the merits of the warrantless arrest are moot.
[3] ECF No. 32, at. 3

alleges that Officer Sebastian Chavez failed to intervene or protect him from the assault.[4] More specifically, he alleges:

> On Oct 12, 2017 Defendants Morales and Chavez conducted a search and arrest of me at 1874 Joe Battle, El Paso TX. Both officers were on duty as police officers of the El Paso Police Dept. When I was handcuffed behind my back, without need or provocation, Defendant Morales slammed me to the concrete causing me to hit my head and lose vision in my right eye. While Defendant Morales was assaulting me, Defendant Chavez did not attempt to stop Morales or offer any assistance to me. The actions of both defendants violated my 4th Amendment right to be free from unreasonable search and seizure.[5]

Both officers seek dismissal for failure to state a claim and assert qualified immunity.

**II. The Law.**

**A.  Rule 12(b)(6).**

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" to defeat a motion to dismiss filed under Rule 12(b)(6).[6] A claim satisfies the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."[7] A complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[8] In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.[9]

---

[4] *Id*.
[5] *Id*. at 4.
[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal citation and quotation marks omitted).
[8] *Twombly*, 550 U.S. at 555.
[9] *Sonnier v. State Farm Mut. Auto Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007).

**B. Section 1983 and Qualified Immunity.**

Section 1983[10] provides a remedy for violations of federal statutory or constitutional rights.[11] A viable § 1983 claim alleges facts establishing that a defendant, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or United States law.[12] A defendant's personal involvement is an essential element in a § 1983 claim,[13] which must be pled with specific facts and not conclusory allegations.[14]

Qualified immunity provides that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[15] Qualified immunity "should not be denied unless the law is clear in the more particularized sense that reasonable officials should be on notice that their conduct is unlawful."[16] A plaintiff seeking to overcome qualified immunity must show that the official's conduct violated a clearly established constitutional or statutory right.[17]

**C. Excessive Force Claims.**

Plaintiffs asserting Fourth Amendment excessive force claims must show "(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable."[18] In excessive force claims, the reasonableness

---

[10] 42 U.S.C. § 1983.
[11] *San Jacinto Sav. & Loan v. Kacal*, 928 F.2d 697, 700 (5th Cir. 1991).
[12] *Fyfe v. Curlee*, 902 F.2d 401, 403 (5th Cir. 1990).
[13] *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.1983).
[14] *Thompson v. City of Starkville, Mississippi*, 901 F.2d 456, 469 n. 13 (5th Cir.1990).
[15] *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).
[16] *Id*. at 350 (internal quotations omitted).
[17] *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L. Ed. 2d 1149 (2011).
[18] *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (quoting *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012)).

of an officer's conduct depends on "the facts and circumstances of each particular case."[19] Courts employ three factors – the *Graham* factors – to gauge reasonableness: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers or others; and (3) whether he is actively resisting or attempting to evade arrest by flight.[20] The "reasonableness" of the force used "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."[21] Accordingly, a court analyzes "whether the officer['s] actions [we]re 'objectively reasonable' in light of the facts and circumstances confronting [him], without regard to [his] underlying intent or motivation."[22]

### III. Discussion.

#### A. Officer Raul Morales' dismissal motion should be denied.

Arellanez alleges that he was already handcuffed, with his hands behind his back, when Officer Morales picked him up and slammed his head into the concrete,[23] causing permanent right eye blindness.[24] An excessive force claim's first element is an injury, and Arellanez's alleged blindness suffices. The second and third elements of an excessive force claim, bearing on whether the officer's use of force was clearly excessive and unreasonable, are satisfied because the Fifth Circuit holds that "the use of certain force after an arrestee has been restrained and handcuffed is excessive and unreasonable."[25] In *Bush v. Strain*, the Fifth Circuit held that an officer's excessive use of force was unreasonable enough to overcome qualified immunity at the summary judgment stage where the officer pushed a handcuffed arrestee's face into a police car's window, injuring

---

[19] *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989).
[20] *Id*.
[21] *Id*.
[22] *Cooper*, 844 F.3d at 522 (quoting *Graham*, 490 U.S. 397).
[23] ECF No. 32, at 4.
[24] *Id*; ECF No. 56, at 2-3 (Arellanez suffered retinal detachment and permanent right eye blindness).
[25] *Ramirez v. Martinez*, 716 F.3d 369, 378 (5th Cir. 2013) (citing *Bush v. Strain*, 513 F.3d 492, 501-02 (5th Cir. 2008).

her jaw and breaking two of her teeth.[26] Here, an officer used even greater force when he picked up the handcuffed Arellanez and slammed his head into the concrete with enough force to permanently blind him. I also note that Arellanez's permanent blindness is much more serious than broken teeth.

The *Graham* factors bearing on the reasonableness of Officer Morales' conduct also weigh in Arellanez's favor. With respect to the first *Graham* factor, the severity of the crime at issue, Officer Morales' pleadings show that Arellanez was ultimately convicted of theft and drug possession, both nonviolent offenses.[27] The prosecutor moved to dismiss an assault on a peace officer charge because the State could not prove it.[28] The second and third *Graham* factors concern whether Arellanez was a danger, and whether he was actively resisting or attempting to flee, respectively. Arellanez was handcuffed, just like the arrestee in *Bush*, and alleges that Officer Morales' assault was "without need or provocation,"[29] as one might infer given that Arellanez's hands were restrained behind his back.

Taking Arellanez's pleaded facts as true, he was handcuffed, subdued, and restrained with his hands behind his back when Officer Morales lifted Arellanez and slammed his head onto the concrete, detaching his retina and permanently blinding him. This clearly unreasonable alleged use of force, causing permanent injury, suffices for a viable Fourth Amendment excessive force claim and mandates the denial of Officer Morales' Rule 12(b)(6) dismissal motion.

As to qualified immunity, Arellanez sufficiently pleads an excessive force claim under the Fourth Amendment. Moreover, as explained in *Bush*,[30] Officer Morales certainly had fair warning

---

[26] *Bush*, 513 F.3d at 495-96, 502.
[27] ECF No. 50-2, at 2; ECF No. 50-3, at 2.
[28] ECF No. 50-4, at 2.
[29] ECF No. 32, at 4.
[30] *Bush*, 513 F.3d at 502 (officer not entitled to qualified immunity where he "should have known that he could not forcefully slam [arrestee's] face into a vehicle while she was restrained and subdued.").

that slamming Arellanez's head to the concrete with enough force to blind him, while Arellanez was restrained and handcuffed with his hands behind his back, was objectively unreasonable. Because the answers to the qualified immunity questions favor Arellanez, Officer Morales is not entitled to dismissal based on qualified immunity at the pleading stage.

### B. The bystander claim against Officer Sebastian Chavez should be dismissed.

Arellanez alleges that Officer Chavez failed to protect Arellanez from Officer Morales' assault. "[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983."[31] A plaintiff asserting bystander liability must show "the officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.'"[32] A plaintiff must point to clearly established law that would require intervention under the circumstances if a defendant officer asserts qualified immunity.[33]

Arellanez's motion response does not address Officer Chavez's assertion of qualified immunity, and he alleges in his amended complaint only that "Defendant Chavez did not attempt to stop Morales or offer any assistance to [Arellanez]."[34] This claim fails because Arellanez does not allege that Officer Chavez was even present when Officer Morales took Arellanez down,[35] and he fails to explain how Officer Chavez was close enough or had enough time to intervene in any use of excessive force. The amended complaint's one-sentence statement about Officer Chavez

---

[31] *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (citing *Harris v. Chanclor*, 537 F.2d 203, 205-06 (5th Cir. 1976)).
[32] *Whitley v. Hanna*, 726 F.3d 631, 647 (5th Cir. 2013) (quoting *Randall v. Prince George's Cnty., Md.*, 302 F.3d 188, 204 (4th Cir. 2002)).
[33] *Id*. at 647 n.13.
[34] ECF No. 32, at 4.
[35] *Whitley*, 726 F.3d at 646 ("[L]iability will not attach where an officer is not present at the scene of the constitutional violation.").

fails to state a viable constitutional claim, and thus necessarily fails to overcome Officer Chavez's qualified immunity assertion.

### C. Arellanez should be granted leave to file a final amended complaint.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint, but not when he has already pled his "best case."[36] Arellanez's *pro se* amended complaint is only five sentences. Given the scant nature of his pleadings, I cannot say that he has pled his best case against Officer Chavez, and I recommend he be granted leave to file a final amended complaint to address the deficiencies explained above.

### Recommendation.

I recommend that Officer Morales' dismissal motion be **DENIED**, that Officer Chavez's dismissal motion be **GRANTED**, and that Arellanez be granted **LEAVE TO AMEND A FINAL AMENDED COMPLAINT.**

**SIGNED** and **ENTERED** on April 30, 2020.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**THE PARTIES HAVE FOURTEEN DAYS FROM SERVICE OF THIS REPORT AND RECOMMENDATION TO FILE WRITTEN OBJECTIONS. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). FAILURE TO FILE TIMELY OBJECTIONS MAY PRECLUDE APPELLATE REVIEW OF FACTUAL FINDINGS OR LEGAL CONCLUSIONS, EXCEPT FOR PLAIN ERROR. *ORTIZ V. CITY OF SAN ANTONIO FIRE DEP'T*, 806 F.3D 822, 825 (5TH CIR. 2015).**

---

[36] *See Brewster v. Dretke*, 587 F.3d 764, 767-768 (5th Cir. 2009).