## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| JERAME ARELLANEZ, | § | |
| Institutional ID No.: 2238106 | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | **3:19-CV-187-FM-LS** |
| | § | |
| RAUL MORALES and SEBASTIAN | § | |
| CHAVEZ, | § | |
| | § | |
| **Defendants.** | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL

*Pro se* inmate Arellanez, proceeding *in forma pauperis*, moves for the appointment of counsel in his lawsuit against two El Paso police officers for using excessive force when they arrested him. A civil rights complainant has no right to the automatic appointment of counsel.[1] Indeed, a court is not required to appoint counsel in a civil rights case unless it presents exceptional circumstances.[2] To gauge whether exceptional circumstances exist courts consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the need for skill in evidence presentation and cross-examination.[3]

Arellanez's claim that Officer Morales used excessive force when he struck Arellanez's head on the concrete, while Arellanez was handcuffed, is not complex.[4] With respect to Arellanez's ability to present and investigate his case, I note that he has already conducted formal discovery to

---

[1] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

[2] *Id*.

[3] *Id*. at 213.

[4] *See Kiser v. Dearing*, 442 F. App'x 132, 135 (5th Cir. 2011) (per curiam) ("[T]he legal contours of excessive force claims are well-established and not particularly complex.").

learn the identities of the John Doe officers,[5] sought[6] and was granted leave to file an amended complaint[7] using this discovery, propounded further written discovery,[8] and filed a written response to the officers' motions to dismiss and assertions of qualified immunity.[9] Finally, at this time there is nothing in the record pointing to contradictory evidence or the need for skill in evidence presentation or cross examination. Indeed, Arellanez is adamant a video exists showing the assault.[10]

Given Arellanez's ability to prosecute this straightforward excessive force case to date, and having considered the *Ulmer* factors, I find that there are no exceptional circumstances in this case mandating or warranting the appointment of counsel at this time. Arellanez's motion for appointment of counsel is **DENIED**.

**SO ORDERED**.

 **SIGNED** and **ENTERED** on April 30, 2020.

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] *See* ECF Nos. 28, 29.
[6] ECF No. 30.
[7] ECF No. 32.
[8] ECF No. 51.
[9] ECF No. 56.
[10] *Id*. at 2.