IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **JEROME ARELLANEZ,** § | |
| Plaintiff, § | |
| § | |
| § | EP-19-CV-187-FM |
| § | |
| **RAUL MORALES and** § | |
| **SEBASTIAN CHAVEZ,** § | |
| Defendants. § | |

### ORDER ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Jerome Arellanez alleges in a pro se First Amended Civil Rights Complaint under 42 U.S.C. § 1983 that Police Officer Raul Morales used excessive force during his arrest inside a Target store in El Paso, Texas, on October 12, 2017. Pl.'s First Am. Compl. 4, ECF No. 32. Specifically, Arellanez claims that after he was handcuffed behind his back, Morales—"without need or provocation"—slammed his head "into the concrete" and caused him to lose vision in his right eye. *Id*. Arellanez further claims Police Officer Sebastian Chavez "did not attempt to stop Morales or offer any assistance." *Id*. Arellanez argues Morales and Chavez's actions violated his Fourth Amendment rights. *Id*. Arellanez asks for "money damages." *Id.*

Morales and Chavez explain they were arresting Arellanez for theft, possession of a controlled substance, and assault on a police officer at the time of the incident. Morales' First Mot. to Dismiss 10, ECF No. 50; Chavez's First Mot. to Dismiss 10, ECF No. 49. They add Arellanez ultimately pleaded guilty to the theft and possession of a controlled substance charges—but the assault charge was dismissed by a state court on the prosecution's motion. Morales' First Mot. to Dismiss 11; Chavez's First Mot. to Dismiss 11. They move to dismiss Arellanez's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Morales' First Mot. to Dismiss 1; Chavez's First Mot. to Dismiss 1.

Arellanez opposes the Motions.  Pl.'s Response, ECF No. 56.  He contends "the video footage will clearly show that . . . Morales . . . was in violation of [his] constitutional rights to be free from cruel and unusual punishment."  *Id*. at 2.

## APPLICABLE LAW

Rule 12(b)(6) allows a court to dismiss an action when a plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint fails to state a claim when the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When deciding a Rule 12(b)(6) motion to dismiss, a "court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff [but] may not look beyond the pleadings in ruling on the motion."  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

### *Heck v. Humphrey*

Morales and Chavez assert the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Arellanez's claims.  Morales' First Mot. to Dismiss 9–11; Chavez's First Mot. to Dismiss 9–11.

"The *Heck* court held that a civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments."

*DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (citing *Heck*, 512 U.S. at 486). "*Heck* dictates that when a person . . . brings a section 1983 claim against the arresting officers the district court must first 'consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.' " *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000) (quoting *Heck*, 512 U.S. at 487).

In this case, the state trial court granted the prosecution's motion to dismiss the assault charge because the State could not "prove case beyond a reasonable doubt at trial." Morales' First Mot. to Dismiss Ex. 4 (Motion to Dismiss); Chavez's First Mot. to Dismiss Ex. 4 (Motion to Dismiss). Clearly, a judgment in favor of Arellanez would not imply the invalidity of a conviction. The *Heck* doctrine is inapplicable to this case.

## QUALIFIED IMMUNITY

Morales and Chavez also assert an entitlement to qualified immunity. Morales' First Mot. to Dismiss 1, 5–9, 11–13; Chavez's First Mot. to Dismiss 1, 5–9, 11–14.

"[Q]ualified immunity protects government officials from . . . liability when their actions could reasonably have been believed to be legal." *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011). It shields "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 344–45 (1986). Courts generally use a two-prong test when determining whether a defendant is protected by qualified immunity. *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). "A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation." *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011). The Supreme Court used to "require courts considering qualified immunity claims to first address the constitutional

question, so as to promote 'the law's elaboration from case to case.' " *Camreta v. Greene*, 563 U.S. 692, 707 (2011). But the Supreme Court now cautions "lower courts 'should think hard, and then think hard again,' before addressing both qualified immunity and the merits of an underlying constitutional claim." *D.C. v. Wesby*, 138 S. Ct. 577, 589 n.7 (2018) (quoting *Camreta*, 563 U.S. at 707). Indeed, lower courts are now encouraged to review whether the right was clearly established before proceeding to evaluate a putative constitutional violation. *Id*. at 589 & n.7; *see also Pearson v. Callahan*, 555 U.S. 223, 236–42 (2009). *But cf. Camreta*, 563 U.S. at 707 ("It remains true that following the two-step sequence—defining constitutional rights and only then conferring immunity—is sometimes beneficial to clarify the legal standards governing public officials.").

"When a plaintiff alleges excessive force during an investigation or arrest, the federal right at issue is the Fourth Amendment right against unreasonable seizures." *Graham v. Connor*, 490 U.S. 386, 394 (1989). "To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that [he] was seized." *Flores v. Palacios*, 381 F.3d 391, 396 (5th Cir. 2004). To prevail, the plaintiff must then show he "suffered (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force was objectively unreasonable." *Id.*; *Trammell v. Fruge*, 868 F.3d 332, 340 (5th Cir. 2017). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham* 490 U.S. at 396. Excessive force claims are "evaluated for objective reasonableness based on the information the officers had when the conduct occurred." *Saucier v. Katz*, 533 U.S. 194, 207 (2001).

"[A]n officer may be liable under § 1983 under a theory of bystander liability where the

officer '(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act.' " *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) (quoting *Randall v. Prince George's County*., Md., 302 F.3d 188, 204 (4th Cir. 2002)).  In other words, the plaintiff must show that the bystanding officer was "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference" to prevail. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The United States Magistrate Judge to whom the Court referred this matter recommends that the Court deny Morales' First Motion to Dismiss and grant Chavez's First Motion to Dismiss.  R. &. R. 1, ECF No. 60.  *See* 28 U.S.C. § 636(b)(1)(B) (permitting a district court, on its own motion, to refer a pending matter to a United States Magistrate Judge for a report and recommendation).  He reasons that the Court should deny Morales' Motion because:

> [i]n *Bush v. Strain*, the Fifth Circuit held that an officer's excessive use of force was unreasonable enough to overcome qualified immunity at the summary judgment stage where the officer pushed a handcuffed arrestee's face into a police car's window, injuring her jaw and breaking two of her teeth. Here, an officer used even greater force when he picked up the handcuffed Arellanez and slammed his head into the concrete with enough force to permanently blind him.

*Id*. at 4–5 (citing *Bush v. Strain*, 513 F.3d 492, 495–96, 502 (5th Cir. 2008)).  He adds that the Court should grant Chavez's Motion because Arellanez "fails to explain how Officer Chavez was close enough or had enough time to intervene in any use of excessive force." *Id*. at 6.  But he allows that the Court should grant Arellanez "leave to file a final amended complaint to address the deficiencies." *Id*. at 7.

**OBJECTIONS**

Parties have fourteen days to file written objections to a magistrate judge's proposed findings, conclusions, and recommendations.  *Id.*   *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).   A party who files timely written objections to a magistrate judge's report is entitled to a "de novo" review of those portions of the report to which the party objects.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).   As to other portions of the report or when a party does not file written objections, the Court applies a "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).   After completing its review, the Court may accept, reject, or modify the report, in whole or in part.   28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

The Court notes the parties have not filed objections.   After reviewing magistrate judge's proposed findings, conclusions, and recommendations, the Court finds they are neither clearly erroneous nor contrary to law.   The Court further finds they do not suggest the Magistrate Judge abused his discretion.   The Court will accordingly accept the Report and Recommendation, deny Morales' First Motion to Dismiss, and grant Chavez's First Motion to Dismiss.   The Court will additionally grant Arellanez leave to amend his First Amended Civil Rights Complaint.

Arellanez has already filed a Final Amended Complaint.   Pl.'s Second Am. Compl., ECF No. 65.   He now alleges "Chavez was less than one foot away from both . . . Arellanez and . . . Morales when . . . Morales slammed the handcuffed . . . Arellanez (behind his back) up against the wall inside the Target . . ."   *Id*. at 1.   He maintains "Chavez could have intervened at any time he wanted but did not."   *Id*. at 2.

Chavez responds with a Second Motion to Dismiss.   Chavez's Second Mot. to Dismiss, ECF No. 69.   He attaches a video of the incident, which he identifies as "[t]he footage from the

Target cameras inside the Loss Prevention Office dated October 12, 2017." *Id*. at 9, *see* Ex. A (video). He maintains "[w]here, as here, the Plaintiff has incorporated the existence of external documents or items into his complaint, the Court may consider the external documents or items without converting this motion to dismiss into a motion for summary judgment." *Id.* at 8–9 (citing *Newman v. Krintzman*, 723 F.3d 308, 309 (1st Cir. 2013))[1]; *see* Pl.'s Response 2, ECF No. 56 ("[T]he video footage will clearly show that . . . Morales . . . was in violation of [his] constitutional rights to be free from cruel and unusual punishment."). He observes "the video shows that from the moment Mr. Arellanez turned to confront Officer Morales until both men were on the floor less than ten seconds passed." Chavez's Second Mot. to Dismiss 10. He claims that the "altercation was almost instantaneous in duration." *Id.* He asserts he "did not have a reasonable opportunity to prevent the incident from occurring." *Id.* He argues he was "simply unable" to intervene. *Id.* He concedes he may have been close enough to act—but he did not have sufficient time to intervene.

Arellanez does not contest the authenticity of the video. Pl.'s Resp., ECF No. 70. He

---

[1] Chavez cites a First Circuit case to support his assertion. Generally in the Fifth Circuit, "in deciding a motion to dismiss for failure to state a claim, if 'matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.' " *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Fed. R. Civ. P. 12(b)). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings [only] if they are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). However, because Arellanez is proceeding pro se, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Indeed, the Court must "look beyond [his] formal complaint and . . . consider as amendments to the complaint those materials subsequently filed." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *McGruder v. Phelps*, 608 F.2d 1023, 1025 (5th Cir. 1979)). If Arellanez's reply is construed in this manner, he has adequately amended his complaint to incorporate the video of the incident by reference.

describes the video as a "substantial aspect to this case."  *Id.*   He reports he viewed the entire video with his attorney in December of 2017.  *Id.*   He avers the video submitted by Chavez is incomplete.  *Id.*   Notably, Arellanez does not suggest the video provided by Chavez does not adequately document the incident which forms the basis of his complaint.   He also does not challenge Chavez' argument that—due to the brief duration of the incident—he did not know Morales was about to force Arellanez to the floor and he did not have a reasonable opportunity to prevent the harm to Arellanez's eye.

"[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citations omitted).   The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*   The supporting facts must be plausible enough to raise a reasonable expectation that discovery will reveal further supporting evidence.  *Id*. at 556.

The Court notes mere presence of an officer at the scene of an alleged use of excessive force does not give rise to bystander liability.   *Whitley*, 726 F.3d at 646–47.   A successful plaintiff must also show the officer had a "[r]easonable opportunity to realize the excessive nature of the force and to intervene to stop it."   *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995).   Thus, the Court must consider not only the location of the plaintiff relative to the bystanding officer but also the duration of the alleged confrontation when analyzing a claim. The Court, after reviewing the pleadings, finds that Arellanez's formulaic recitation of his claim does nothing more than speculate that Chavez—immediately before a ten-second encounter—(1) knew Morales was about to force Arellanez to the floor and perhaps violate his constitutional

rights, (2) had a reasonable opportunity to intervene to prevent the harm, and (3) chose not to act. *Whitley*, 726 F.3d at 646. Moreover, the Court finds it is unlikely that discovery will reveal further supporting evidence for Arellanez's claim against Chavez. Consequently, the Court finds Chavez's actions were objectively reasonable under the circumstances and he is entitled to qualified immunity. Moreover, the Court finds Arellanez has failed to state a claim upon which relief can be granted—and it should grant Chavez's Second Motion to Dismiss.

Morales also submits a Second Motion to Dismiss. Morales' Second Mot. to Dismiss, ECF No. 69. Remarkably, he fails to address the Fifth Circuit's conclusion in *Bush v. Strain*—a case the Magistrate Judge relied on as the basis for recommending that the Court deny Morales' First Motion to Dismiss. R. & R. 4–5. Hence, the Court finds Morales' excessive use of force was unreasonable enough to overcome his claim of qualified immunity in a motion to dismiss—or a motion for summary judgment. *Bush v. Strain*, 513 F.3d at 495–96, 502. Consequently, the Court will deny Morales' Second Motion to Dismiss.

## CONCLUSION AND ORDERS

The Court concludes, for the reasons discussed above, it should grant Chavez's Motions to Dismiss and deny Morales' Motions to Dismiss. The Court, therefore, enters the following orders:

**IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 60) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Chavez's First and Second Motions to Dismiss (ECF Nos. 49, 69) are **GRANTED** .

**IT IS FURTHER ORDERED** that Morales' First and Second Motions to Dismiss (ECF Nos. 50, 68) are **DENIED**.

**IT IS FINALLY ORDERED** that his matter is returned to the Magistrate Judge for further proceedings consistent with this order.

**SIGNED** this **7th** day of August 2020.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**