IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JEROME ARELLANEZ,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | NO. EP-19-CV-00187-KC-MAT |
| **RAUL MORALES,** | § § § | |
| *Defendant.* | § § | |

## ORDER

Before the Court is a Motion for Production of Documents ("Motion") which Plaintiff Jerome Arellanez ("Plaintiff"), proceeding *pro se,* filed on March 19, 2021 (ECF No. 96). Defendant Raul Morales ("Defendant") did not file a response. After due consideration, the Court **DENIES** Plaintiff's Motion for the following reasons.

### I.   BACKGROUND

**A. Procedural Background**[1]

On June 28, 2019, Plaintiff filed his initial Complaint against "El Paso Police Department Officer" in the Northern District of Texas. (ECF No. 1). On July 9, 2019, the matter was transferred to the El Paso Division of the Western District of Texas, and initially referred to United States Magistrate Judge Leon Schydlower. (ECF No. 4). On September 4, 2019, Plaintiff was granted leave to proceed *in forma pauperis*. (ECF No. 11). Thereafter, pursuant to a court order, Plaintiff issued his first set of limited discovery requests, asking only for the name of the officer who arrested him. (ECF Nos. 25, 28).

---

[1] The Court will only address the portions of the record that pertain to the relevant inquiry of the Motion.

Consequently, on January 23, 2020, Plaintiff filed his Amended Complaint naming Officer Raul Morales and Officer Sebastian Chavez as Defendants. (ECF No. 32). Defendants both submitted Motions to Dismiss for Failure to State a Claim (ECF Nos. 49, 50), which Judge Schydlower's court denied as to Defendant Morales and granted as to Defendant Chavez. (ECF No. 60). Plaintiff then filed another discovery request asking for the video footage of his arrest, as well as a Motion to Appoint Counsel, which Judge Schydlower denied. (ECF Nos. 51, 53, 61). In denying Plaintiff's request for counsel, Judge Schydlower noted that Plaintiff had already demonstrated his "ability to prosecute this straightforward excessive force case to date." (ECF No. 61, p. 2).

The first Scheduling Order was issued on October 29, 2020. (ECF No. 83). Notably, Plaintiff filed his second set of discovery requests on January 4, 2021, and in it requested the medical records at issue in this Motion. (ECF. No. 89, p. 2). Plaintiff also responded to Defendant's requests for production, and executed a medical records release and authorization in response. (ECF No. 94, p. 1). After answering Defendant's discovery, on March 19, 2021, Plaintiff filed the instant Motion asking the Court itself— rather than Defendant— to produce his medical records from various providers, dispatch logs, and internal affairs documents. (ECF No. 96.). Subsequently, on July 20, 2021, this matter was referred to this Court. (ECF No. 119).[2]

---

[2] Review of the record indicates that Plaintiff has obtained at least some of his medical records sought. *See e.g.* (ECF No. 120, p. 2) ("Mr. Arellanez has only recently . . . produced the first of his medical records related to the incident . . ."); (ECF No. 121, p. 3) ("Plaintiff served the defense with 44 total pages of cherry-picked, medical records . . ." and noting in a footnote that the records page number span from page 60 to 367); (ECF No. 133, p. 2, 5-10) (attaching copies of Plaintiff's ophthalmology medical records to Plaintiff's response to extending dispositive motions); (ECF No. 187, p. 2) (stating that Plaintiff mailed a copy of his medical records to Defendant, and that University Medical Center mailed Plaintiff's medical records to him). While this may render some of the requests in the Motion moot, the Court will nonetheless evaluate the Motion as a whole.

B. **Factual Background**

Plaintiff alleges that Defendant Morales violated his Fourth Amendment constitutional rights by using excessive force when he "slammed the handcuffed [Plaintiff] (behind his back) up against the wall inside the Target Los[s] Prevention Office." (ECF No. 65, p. 1). Specifically, "[Defendant] grabbed [Plaintiff's] shirt with both of his hands . . . and pick[ed] [Plaintiff] up and slammed him to the concrete floor causing permanent right eye blindness." *Id.* at 2.[3]

## II.    LEGAL STANDARDS

*Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, "a *pro se* party is in no way exempted from compliance with the relevant rules of procedure and substantive law." *Quevedo v. Army & Air Force Exch. Serv.*, No. 00-10360, 2000 WL 1568186, at *1 (5th Cir. Sept. 14, 2000) (per curiam) (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

A. **Rule 34 Request for Production**

Rule 34 of the Federal Rules of Civil Procedure provides for the discovery of documents in the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). In the discovery context, control includes "both actual possession and the legal right, authority, or ability to obtain documents on demand." *Lozada Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *13 (E. D. Tex., July 8, 2020) (internal citations omitted). Nevertheless, "the burden . . . is on the party seeking discovery to make a showing that the other party has control over the documents sought." *Id.*

---

[3] Since Defendant Chavez was dismissed from the case, the claims as to him will not be discussed in this section. *See* (ECF Nos. 60, 71).

B. **Rule 37 Motion to Compel**

If a party fails to timely respond fully to the request for production, the requesting party may move to compel responses under Rule 37. *McCoy v. SC Tiger Manor, LLC*, No. 19-723-JWD-SDJ, 2021 WL 1321303, at *2 (M. D. La. Apr. 8, 2021); Fed. R. Civ. P. 37(a)(3)(B)(iv). A Rule 37(a) motion to compel must specifically identify each disputed discovery request, explain how or why the answer is deficient, request specific relief as to each discovery item, and include a brief description of the supporting facts and authority for each request in dispute. *Holmes v. Reddoch*, No. 19-12749, 2020 WL 5749157, at *4 (E.D. La. Sept. 25, 2020) (internal citations omitted). Absent such detail, the motion to compel becomes a "generalized grievance [which] impairs the ability of the Court . . . to assess the merits of the claim." *Id.*

Rule 37 includes a mandatory good faith meet-and-confer requirement between the parties. Fed. R. Civ. P. 37(a)(1) ("The motion *must include a certification* that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it *without court action*.") (emphasis added). This certification requirement is strictly construed. *See McCoy*, 2021 WL 1321303, at *7 (ordering the meet-and-confer certification to include details of "(1) who participated in the Rule 37 conference, (2) how it was conducted [. . .] (3) how long [it] lasted [. . .] (4) the topics or areas that were addressed, and (5) the topics that were resolved and/or remain outstanding."). *Id.*

Failure to confer in good faith is grounds for dismissal of the motion, as filing discovery motions should be a "recourse of last resort." *Id.* In fact, "where a movant violates the spirit and purpose of Rule 37," denial is warranted on that reason alone. *Holmes*, 2020 WL 5749157, at *3 (denying a motion to compel where "attempts to resolve this matter without judicial intervention were lackluster."). Finally, Local Rule 27-7(b) states that "discovery motions will not be

4

considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." W. D. Tex. Civ. R. 27-7(b).

### III.   ANALYSIS

A. **Plaintiff's Motion should be denied because the burden of document production is on the opposing party, not the Court.**

Plaintiff's Motion requests this Court to produce of his medical records, dispatch logs, and internal affairs documents pursuant to Rule 34. (ECF No. 96). Rule 34 specifies that "a *party* may serve on any other *party* a request" for document production. Fed. R. Civ. P. 34 (a)(1)(A). The Court is not a party to the lawsuit, and since Rule 34 does not authorize service on a court, Plaintiff's request that the Court produce the requested documents is improperly directed. *See id; see also* Fed. R. Civ. P. 17. Moreover, Plaintiff has provided no authority to the contrary. Thus, the Court cannot produce the documents Plaintiff seeks, and for this reason, Plaintiff's request in this regard is without merit.

B. **Plaintiff's Motion should be denied because it does not comply with the specificity or meet-and-confer requirements of Rule 37.**

The Court notes that this Motion is more aptly characterized as a Rule 37 motion to compel, given that Plaintiff previously requested the same documents he now asks the Court to produce. Fed. R. Civ. P. 37(a)(3)(B)(iv).[4] Accordingly, the Court will substantively assess the Motion under the motion to compel framework.

Plaintiff fails to meet the fundamental requirements of a Rule 37 motion to compel. First, Plaintiff's Motion does not explain how or why his medical records, the dispatch log, and internal affairs evidence are relevant to his claim. (ECF No. 96). Furthermore, Plaintiff does not

---

[4] Plaintiff previously requested largely the same documents in "Plaintiff's Second Set of Interrogatories and Request for Production of Documents" filed two months prior to the instant Motion. (ECF No. 89, p. 2).

specifically outline how Defendant insufficiently addressed his initial requests for production, or what relief he now seeks for the presumably deficient responses. *See Holmes*, 2020 WL 5749157, at *4. In fact, the Motion lacks any background or procedural information that would contextualize Plaintiff's requests and aid the Court's assessment. As such, Plaintiff's Motion essentially amounts to a "generalized grievance" which hinders the Court's ability to meaningfully evaluate the merit of Plaintiff's requests. *See id.*

Second, the Motion does not include the required certification confirming that Plaintiff and Defendant conferred, or attempted to confer, in good faith before bringing these issues before the Court. While the Court is mindful of Plaintiff's *pro se* status and liberally construes his claims, the fact that Plaintiff is *pro se* does not alleviate Plaintiff of his obligation to communicate with Defendant about producing the documents before seeking court intervention.[5] Thus, Plaintiff's failure to confer, or attempt to confer, with Defendant before moving the Court to order document production warrants denial of the Motion. *See McCoy*, 2021 WL 1321303, at *7; W. D. Tex. Civ. R. 27-7(b). Accordingly, Plaintiff's relief is unmerited in this regard as well.

In sum, the aforementioned bases constitute sufficient grounds for this Court to deny the instant Motion requesting the Court to produce documents. Plaintiff may nevertheless pursue securing the medical records on his own through the prison's administrative channels.

### C. A procedure exists for Plaintiff to request his medical records from the prison facility.

Finally, the Bureau of Prisons provides guidance for inmates to request their own medical records from a prison. Under the Code of Federal Regulations, "an inmate may review records

---

[5] After review of the record, this Court agrees with the previously assigned United States Magistrate Judge that Plaintiff has demonstrated proficient self-representation by competently propounding discovery and filing motions during the course of this lawsuit. *See* (ECF No. 61, p. 2).

from his or her medical file (including dental records) by submitting a request to a staff member designated by the Warden." 28 C.F.R. § 513.42. Specifically, "an inmate seeking review and/or copies of his/her health records must complete an Inmate Request to Staff (BP-A0148)." *Health Information Management*, Program Statement No. 6090.04, Fed. Bureau of Prisons 1, 5, (Mar. 2, 2015), https://www.bop.gov/policy/progstat/6090_004.pdf. To obtain medical records from physicians or hospitals outside the prison facility, "[u]sually a simple request for the health record giving the dates of the hospitalization is sufficient." *Id.* at 9. The inmate must also sign an authorization giving permission for his medical records to be released. *Id.* Notwithstanding the Court's ruling on the instant Motion, this process appears to be available to the Plaintiff to obtain the records he seeks from a third party.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Production of Documents (ECF No. 96), which the Court construes herein as a Rule 37 Motion to Compel, is hereby **DENIED**.

**SIGNED** and **ENTERED** this __4th__ day of February, 2022.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

7